IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED BANKSHARES, INC., et al.,

           Plaintiffs,

v.                                  CIVIL ACTION NO.   2:15-cv-11340

FIRST NIAGARA BANK, et al.,

           Defendants.

**ORDER**

On December 7, 2015, the Clerk of this court entered a Default [ECF No. 40] against B.E. Koncepts, Inc. ("B.E. Koncepts") and Powell Contracting and Heavy Equipment, Inc. ("Powell"), pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. *See also* Order, Dec. 7, 2015 [ECF No. 38]. Now pending before the court is the plaintiffs' Motion for Entry of Judgment Against Defendants Powell and B. E. Koncepts. [ECF No. 42]. For reasons explained below, the Court **SETS ASIDE** the Default [ECF No. 40], and accordingly, **DENIES** the Motion for Entry of Judgment [ECF No. 42].

Upon further review of the docket, the court has determined that there has been insufficient service of process upon defendants B.E. Koncepts and Powell. The summons for B.E. Koncepts and the summons for Powell, which were mailed by the Secretary of State for West Virginia, were later returned as "unclaimed." *See* Summons Accepted for Service by Sec. of State re: Powell, July 31, 2015 [ECF No. 24]; Summons Accepted for Service by Sec. of State re: B.E. Koncepts, July 31, 2015 [ECF No. 25]; Summons Returned Unclaimed by Sec. of State re: B.E. Koncepts, Sept.

10, 2015 [ECF No. 33]; Summons Returned Unclaimed by Sec. of State re: Powell, Oct. 5, 2015 [ECF No. 35].

The Amended Complaint asserts that B.E. Koncepts and Powell are New York corporations. Am. Compl. ¶¶ 5, 7 [ECF No. 16]. Rule 4 of the Federal Rules of Civil Procedure provides that a corporation may be served by, among other methods, "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1), (h)(1)(A). "[S]ervice of process attempted under state law is governed by the relevant state statute or rule." *Ballard v. Bank of Am., N.A.*, No. 2:12-2496, 2013 WL 1337356, at *3 (S.D. W. Va. March 29, 2013). In this case, the plaintiff attempted to serve process on B.E. Koncepts and Powell through the Secretary of State of West Virginia, presumably according to West Virginia's statutory provision relating to service of process on nonresident corporations, section 31D-15-1510 of the West Virginia Code.

Section 31D-15-1510 provides that a foreign corporation (i.e., a corporation incorporated outside West Virginia) transacting business in West Virginia without authorization is "conclusively presumed to have appointed the Secretary of State as its attorney-in-fact with authority to accept service of notice and process on behalf of the corporation." W. Va. Code § 31D-15-1510(e).[1] The statute further explains what must occur for service to be sufficient:

> Immediately after being served with or accepting any process or notice . . . the Secretary of State shall file in his or her office a copy of the process or notice, with a note endorsed of the time of service or acceptance, and transmit one copy of the process or notice by registered or certified mail, return receipt requested . . . to the corporation at the address of its principal office, which address shall be stated in the process or notice. *The service or acceptance of process or notice is sufficient if the return receipt is signed by an agent or employee of the corporation, or the registered or certified mail sent by the Secretary of State is refused by the addressee*

---

[1] A "foreign corporation" as used in this provision is defined as a "corporation for profit incorporated under a law other than the laws of this state." W. Va. Code § 31D-1-150(11).

and the registered or certified mail is returned to the Secretary of State, or to his or her office, showing thereon the stamp of the United States postal service that delivery thereof has been refused . . . .

W. Va. Code § 31D-15-1510(e).[2]

Thus, it is the refusal or acceptance of process that makes service of process sufficient pursuant to section 31D-15-1510; mail returned as "undeliverable" or "unclaimed" is insufficient to effect service of process. *See Crowley v. Krylon Diversified Brands*, 607 S.E.2d 514, 518 (W. Va. 2004) (holding that under section 31D-15-1510, "service of process on a corporation is insufficient when notice or process is mailed using registered or certified mail to an authorized corporation's listed agent by the Secretary of State, is neither accepted or refused by the agent, and the mail is returned to the Secretary of State because the notice or process is undeliverable"); *see also Mason v. Smith*, 760 S.E.2d 487, 494 (W. Va. 2014) (citing syl., *Crowley*, 607 S.E.2d. 514, and equating "undeliverable" mail with "unclaimed" mail, both of which constitute insufficient notice). The "unclaimed" summonses returned to the Secretary of State in this case were insufficient to effectuate service of process under West Virginia law, and, consequently, under Rule 4 of the Federal Rules of Civil Procedure.

In conclusion, proper service of process upon B.E. Koncepts and Powell has not occurred. The court therefore **SETS ASIDE** the Default [ECF No. 40] entered against B.E. Koncepts and Powell and **DENIES** the plaintiffs' Motion for Entry of Judgment [ECF No. 42].

---

[2] The West Virginia Code makes a distinction between foreign corporations authorized to conduct business in West Virginia and those that are unauthorized. However, the statutory language explaining when service is sufficient is identical for unauthorized and authorized foreign corporations. *Compare* W. Va. Code § 31D-15-1510(e) (relating to unauthorized foreign corporations), *with* W. Va. Code § 31D-15-1510(d) (relating to authorized foreign corporations). The plaintiff has not indicated that Powell or B.E. Koncepts is authorized to do business in West Virginia. The court's review of the West Virginia Secretary of State Business Organization Search did not reveal either business on record. *See* Business Organization Search, http://apps.sos.wv.gov/business/corporations/ (accessed March 2, 2016). Accordingly, the court is proceeding as though B.E. Koncepts and Powell are unauthorized foreign (i.e., New York) corporations for the purpose of West Virginia Code, though the distinction would not change the analysis.

Because service did not occur within ninety days of the filing of the Complaint, as required by Rule 4(m) of the Federal Rules of Civil Procedure, the court **ORDERS** the plaintiffs to demonstrate good cause for not serving the defendants B.E. Koncepts and Powell with process. Failure to respond to this notice within ten days will result in dismissal without prejudice of this case against B.E. Koncepts, Inc. and Powell Contracting and Heavy Equipment, Inc.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:      March 4, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

4